UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN TICHOT,                                )
                                            )
    Plaintiff                              )
                                            )
v.                                          ) 2:10-cv-00417-GZS
                                            )
SOCIAL SECURITY ADMINISTRATION              )
COMMISSIONER,                               )
                                            )
    Defendant                              )

**RECOMMENDED DECISION**

On September 6, 2010, the Social Security Administration notified John Tichot that his Supplemental Security Income payments would cease as of October 1, 2010. Pursuant to the SSI Extension for Elderly and Disabled Refugees Act, Pub. L. No. 110-328, 122 Stat. 3567, signed by President George W. Bush on September 30, 2008, resident aliens' seven-year period of eligibility for receipt of SSI was extended for an additional two-year period, or until September 30, 2011, whichever would occur first. Apparently, Tichot receives Supplemental Security Income in accordance with these statutory provisions. On October 7, 2010, Tichot filed a complaint with this court, alleging that his benefits had been improperly terminated. The Commissioner has filed a motion to dismiss, alleging that Tichot failed to exhaust his administrative remedies.[1] (Doc. No. 9.) In response, Tichot does not deny that he failed to exhaust administrative remedies, but rather maintains that he should have continued to receive benefits through December 2011. (Doc. No. 11, 11-1.) I now recommend that the court grant the defendant's motion to dismiss.

---

[1] The notification of benefits termination Tichot filed with this court does not provide specific information about his right to appeal the decision. (See Doc. No. 11-3.) Obviously, three pages of the seven-page document are missing. The Commissioner's version of the document is complete and does contain the notice of appeal rights. (Doc. No. 10-1.)

**Factual Background**

It is difficult to piece together a coherent factual background from the pleadings and exhibits submitted by Tichot. Apparently Tichot does not dispute that he is an alien who is impacted by Congress's enactment of an extension to the statutory provision governing SSI benefits to resident aliens. (Compl. ¶ 4 (unnumbered).) According to Tichot, he first received SSI beginning February 2, 2005. (Id. ¶ 2.) His seven-year eligibility period expired in August 2008. (Id. ¶ 3.) Tichot says he received notification on November 19, 2009, that his eligibility had been extended for two years, seemingly taking his eligibility through at least September 2011. (Id. ¶ 6, see also Doc. No. 11-1.) Then, with no explanation provided, after nine months his benefits were stopped in October, 2010. (Id. ¶ 8.) In his reply, the Commissioner outlined the steps Tichot must take to perfect an administrative appeal in this situation. (Doc. No. 14, n.1.)

**Discussion**

Every administrative decision made by the social security administration is not automatically ripe for judicial review. Judicial review is only permitted after the Commissioner has issued a final decision. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action."). "The 'final decision' required to invoke this jurisdiction means 'that the administrative remedies provided by the [Commissioner] be exhausted.'" Wilson v. Sec'y of Health & Human Servs., 671 F.2d 673, 677 (1st Cir. 1982) (quoting Mathews v. Eldridge, 424 U.S. 319, 328 (1976)).

After receiving notification of the impending benefit termination, Tichot admits he failed to file a request for reconsideration, let alone seek a hearing before an administrative law judge.

The notice that Tichot received clearly explained his appeal rights. Because he chose to ignore those rights, this claim is not ripe for review. See also 20 C.F.R. §§ 405.420, 416.1481 (noting that final decision is an administrative law judge's hearing decision, subsequent to action or non-action by the Appeals Council or the Decision Review Board). Because Tichot chose not to first exhaust his administrative remedies, he has effectively deprived this court of jurisdiction to hear his appeal.

At this juncture Tichot's remedies are circumscribed. The federal courts do not have jurisdiction under the federal mandamus provisions, 28 U.S.C. § 1361. Wilson, 671 F.2d at 677. It would appear that Tichot's remedy, if one remains available to him, is to avail himself of the suggestion made by counsel for the Commissioner in his reply and attempt to contact reviewing personnel in his local field office and hope that he can reopen his case.

**Conclusion**

Based upon the foregoing, I recommend that the complaint be dismissed without prejudice, allowing Tichot to return to this court only after he properly exhausts his administrative remedies, if he is able to reopen his case in order to proceed through that administrative process.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

January 19, 2011          /s/ Margaret J. Kravchuk
                          U.S. Magistrate Judge